342 S.E.2d 215

**John Bert FISHER**

v.

**Manfred HOLLAND, Warden, etc.**

No. 16783.

Supreme Court of Appeals of
West Virginia.

March 26, 1986.

Ted M. Kanner, Charleston, for appellant.

Atty. Gen. Charlie Brown, Asst. Atty. Gen. Mary Rich Maloy, Charleston, for appellee.

## PER CURIAM:

John Bert Fisher petitioned, *pro se*, for a writ of habeas corpus ad subjiciendum, contending that he has been denied an appeal from a conviction of possession of a controlled substance with the intent to deliver. The petitioner sought unconditional release due to the extraordinary dereliction of the State in affording him an opportunity to perfect an appeal. We issued a rule and appointed counsel.

Petitioner was convicted on July 9, 1981, in the Circuit Court of Cabell County, of possession of a controlled substance with intent to deliver. He subsequently pleaded guilty to a recidivist information and on October 23, 1981, was sentenced to life imprisonment.

Petitioner's sentence was subsequently reduced to a term of not less than one nor more than ten years, upon a determination that two of the convictions underlying the recidivist sentences were invalid for enhancement purposes. An additional five years was added because of a prior felony conviction.

A notice of intent to appeal the conviction of July 9, 1981 was filed on December 8, 1981. However, no appeal was filed. Petitioner petitioned this Court for a writ of habeas corpus alleging he had not received his trial transcripts. The writ was granted on December 1, 1982, returnable in the Circuit Court of Cabell County. On January 11, 1983, petitioner was resentenced to allow the petitioner an opportunity to appeal the conviction.

More than a year elapsed without an appeal being filed. On February 9, 1984, this Court again granted a petition for a writ of habeas corpus, returnable in the Circuit Court of Cabell County, for the purpose of expediting an appeal. New counsel was appointed and a hearing was held on August 17, 1984. The focus of the hearing was the reduction of the petitioner's sentence because of the invalidity of the prior convictions for enhancement purposes rather than for the purpose of appealing the conviction of July 9, 1981.

After the sentencing issue was resolved, the petitioner informed the court that he still had not had an opportunity to appeal his 1981 conviction. The petitioner believed that his trial counsel had the trial transcript. The court indicated that the transcript should be obtained from the trial counsel and forwarded to the newly appointed counsel. It is apparent that counsel believed he had not been appointed to represent the petitioner on appeal, but was representing the petitioner for the limited purpose of sentence reduction. However, counsel asked the court if someone would be appointed for appellate representation. The court replied: "If he still wants to appeal, I'll just appoint you on it." Counsel said, "Okay." The petitioner told the court, "Well, we can decide after he sees the transcript and reads it over."

It is petitioner's belief that counsel had been appointed to handle the appeal and that counsel would read the trial transcript. On the other hand, according to counsel's affidavit, attached as an exhibit to the State's memorandum of law, he was not appointed by the court for the purpose of representing petitioner on appeal, nor has he ever received the transcript of the petitioner's 1981 trial.

The petitioner contends that the State has been extraordinarily derelict in affording him an appeal and that he is therefore entitled to discharge from custody. The State's position is that the petitioner has waived his right to appeal by failing to communicate with his lawyer concerning

the appeal and by failing to undertake any other action in furtherance of his appeal until after the most recent eight-month appeal period had expired.

 Syllabus point 7 of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977) provides: "While the State is constitutionally obliged to appoint effective counsel to assist an indigent criminal defendant in his appeal, once this has been done there rests on the indigent criminal defendant some responsibility to make known to the court his counsel's inaction."

 There is no evidence that the petitioner attempted to inform the court that his counsel was taking no action to perfect the appeal. The delay may have been due to the confusion surrounding the question of whether counsel had, in fact, been appointed to represent the petitioner on his appeal, and also due to the rather casual and tentative manner in which the court dealt with the possibility of appointing counsel and obtaining the trial transcript. In this respect the trial judge allowed the matter to remain unresolved.

We conclude, however, from a review of all of the circumstances that the State was not extraordinarily derelict in affording the petitioner an appeal. He is not, therefore, entitled to unconditional discharge from custody and the writ, as prayed for, is denied.

 The petitioner is, however, entitled to file a petition for appeal and to the appointment of counsel for this purpose. The delay by counsel for the petitioner does not destroy the right to appeal. As we said in syllabus point 8 of *Rhodes v. Leverette, supra:* "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." He shall be resentenced, with credit for time served,* and counsel shall be appoint-

ed by the circuit court within 30 days to perfect an appeal.

Writ denied, with directions.

---

* We are informed that the petitioner is currently on parole.